## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  DONALD KENT MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-237-M |
| | ) |
| 1.  FOREMOST PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| a foreign, for-profit insurance corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## A.  Parties

1.    Plaintiff, Donald Kent Morris, is a citizen of the State of Oklahoma.

2.    Defendant, Foremost Property and Casualty Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Michigan.

3.    The principal place of business for Defendant, Foremost Property and Casualty Insurance Company, is in the State of Michigan.

4.    The Defendant, Foremost Property and Casualty Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5.    This action is not related to any other case filed in this court.

## B. Jurisdiction

6.     The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7.     At all times material hereto, the Plaintiff, Donald Kent Morris, owned a home located at 2700 Moose Circle in Noble, Oklahoma, which was insured under the terms and conditions of an insurance policy, policy number 0698583620, issued by the Defendant, Foremost Property and Casualty Insurance Company.

8.     At all times material hereto, Plaintiff, Donald Kent Morris, complied with the terms and conditions of his insurance policy.

9.     On or about November 24, 2017, property was stolen from Plaintiff's home. These losses are covered pursuant to the terms and conditions of Plaintiff's insurance policy.

10.     On or about December 4, 2017, another theft occurred and additional property was stolen from Plaintiff's home. These losses are covered pursuant to the terms and conditions of Plaintiff's insurance policy.

11.     Theft is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiff's insurance policy.

## D. Count I: Breach of Contract

12.     Plaintiff, Donald Kent Morris, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13.     The insurance policy, policy number 0698583620, issued by Defendant, Foremost Property and Casualty Insurance Company, was in effect on November 24, 2017 and December 4, 2017.

14.     Subsequent to the thefts, Plaintiff, Donald Kent Morris, timely submitted claims to Defendant, Foremost Property and Casualty Insurance Company.

15.     Defendant issued payment on an Actual Cash Value (ACV) basis for the first theft claim. However, Defendant unreasonably refused to issue payment to replace Plaintiff's property which was stolen in the second theft. Defendant's refusal to properly pay to replace the Plaintiff's stolen property constitutes a bad faith breach of the insurance policy.

16.     The acts and omissions of Defendant, Foremost Property and Casualty Insurance Company, in the investigation, evaluation, and denial of Plaintiff's claims were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendant, Foremost Property and Casualty Insurance Company, breached its contract with Plaintiff, Donald Kent Morris, by failing to conduct a reasonable evaluation and payment of the Plaintiff's claims and by improperly denying payment and coverage for Plaintiff's stolen property, without

adequate investigation, and without any reasonable basis. Defendant took the unreasonable position, contrary to the terms and conditions of Plaintiff's insurance policy and good faith claim handling practices, that Plaintiff's coverage limits would be reduced by the Replacement Cost Value (RCV) of the first theft claim (November 24, 2017), thereby unreasonably eliminating Plaintiff's available coverage for the second theft claim (December 4, 2017). Defendant then unreasonably denied Plaintiff's second claim in its entirety. Further, when Plaintiff provided notice to Defendant that he intended to make replacements of property stolen in the first theft, Defendant took the position that Plaintiff's coverage would still not be restored, and thus no payment issued on the second claim, until and unless "ALL" items stolen in the first theft were replaced. Defendant's adjustment, evaluation, and denial of payment for Plaintiff's covered loss is unreasonable and amounts to a bad faith breach of contract, and essentially renders Plaintiff's coverage illusory. Further, the coverage "offset" claimed by Defendant was taken at RCV, despite the fact that the payment issued by Defendant was paid at ACV. This effectively creates an unreasonable windfall for Defendant by offsetting Plaintiff's coverage in an amount greater than Plaintiff's actual damages and greater than the indemnity issued by Defendant.

### E. Count II: Bad Faith

17.    Plaintiff, Donald Kent Morris, hereby asserts, alleges and incorporates

paragraphs 1-16 herein.

18.    The acts and omissions of the Defendant, Foremost Property and Casualty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claims were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19. Defendant Foremost Property and Casualty Insurance Company's unreasonable refusal to pay for Plaintiff's stolen property is a bad faith breach of Plaintiff's insurance policy. Defendant, Foremost Property and Casualty Insurance Company, acted in bad faith by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's stolen property, without adequate investigation, and without any reasonable basis. Defendant took the unreasonable position, contrary to the terms and conditions of Plaintiff's insurance policy and good faith claim handling practices, that Plaintiff's coverage limits would be reduced by the Replacement Cost Value (RCV) of the first theft claim (November 24, 2017), thereby unreasonably eliminating Plaintiff's available coverage for the second theft claim (December 4, 2017). Defendant then unreasonably denied Plaintiff's second claim in its entirety. Further, when Plaintiff provided notice to Defendant that he intended to make replacements of property stolen in the first theft, Defendant took the position that Plaintiff's coverage would still not be restored, and thus no payment issued on the second claim, until and

unless "ALL" items stolen in the first theft were replaced. Defendant's adjustment, evaluation, and denial of payment for Plaintiff's covered loss is unreasonable and amounts to a bad faith breach of contract, and essentially renders Plaintiff's coverage illusory. Further, the coverage "offset" claimed by Defendant was taken at RCV, despite the fact that the payment issued by Defendant was paid at ACV. This effectively creates an unreasonable windfall for Defendant by offsetting Plaintiff's coverage in an amount greater than Plaintiff's actual damages and greater than the indemnity issued by Defendant.

20.     Defendant Foremost Property and Casualty Insurance Company's refusal to pay for Plaintiff's stolen property was unreasonable, outside of insurance industry standards, and was committed in bad faith. Further, Defendant's adjustment of Plaintiff's claim is part of a bad faith pattern and practice of "offsetting" coverage in an attempt to reduce claim payments by eliminating coverage available to first-party insureds like Plaintiff.

## F. Punitive Damages

21.     Plaintiff, Donald Kent Morris, hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22.     The unreasonable conduct of the Defendant, Foremost Property and Casualty Insurance Company, in the handling of Plaintiff's claims was intentional, willful, wanton and was committed with a reckless disregard for the rights of the

Plaintiff, Donald Kent Morris, for which punitive damages are hereby sought.

## G. Demand for Jury Trial

23.    Plaintiff, Donald Kent Morris, hereby requests that the matters set forth herein be determined by a jury of his peers.

## H. Prayer

24.    Having properly pled, Plaintiff, Donald Kent Morris, hereby seeks contractual, bad faith and punitive damages against the Defendant, Foremost Property and Casualty Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**